[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 22, 2006
THOMAS K. KAHN
CLERK

No. 06-11801
Non-Argument Calendar

D. C. Docket No. 05-00052-CV-DHB-1
BKCY No. 03-10078-BKC-JS

IN RE: JENNINGS HEALTH CARE, INC.,

Debtor.

_____

NATIONAL HEALTH INVESTORS, INC.,

Plaintiff-Appellant,

versus

JENNINGS HEALTH CARE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 22, 2006)**

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

This appeal arises out of five consolidated Chapter 11 proceedings. The debtor-in-possession in each proceeding is an incorporated nursing home. In 1998, Thelma Allgood, the founder and manager of these homes, borrowed $11 million from National Health Investors, Inc. ("NHI"). The loan was secured by the nursing homes' real property, their accounts receivable, the guarantee of Allgood's husband, Thomas, and the Allgoods' stock in the five nursing home corporations. The documents evidencing the loan and security agreements were later modified – in 1993, in 1994, and in 1996.

In December 1998, the loan was restructured once again. The loan documents contained a merger clause which recited that the restructured agreement superceded and replaced all previous agreements and, further, a proviso stating that the nursing homes' "Medicaid Receivables, Medicare Receivables or CHAMPUS Receivables or any other healthcare accounts" were no longer part of the collateral securing the loan.

After the nursing home corporations sought relief under Chapter 11, NHI commenced adversary proceedings against them, seeking to enjoin them from using the "government receivables" referred to in the above proviso on the theory that it held a security interest in such receivables. Ruling on the parties' reciprocal

motions for summary judgment, the bankruptcy court disagreed. Construing the security agreement, which NHI had prepared, the court concluded that the agreement expressly excluded government receivables as collateral for NHI's loan. The court also rejected NHI's alternative request to reform the security agreement – effectively to eliminate the above proviso – on the ground of "mutual mistake."

NHI appealed the bankruptcy court's decision to the district court. On February 13, 2006, the district court entered an order affirming that decision. NHI now appeals, contending that the bankruptcy court erred in holding that NHI had no security interest in the debtors' government receivables and (assuming that it had no such interest) in refusing to reform the security agreement to provide such interest.

For the reasons stated by the bankruptcy court in its dispositive ruling and the district court in its February 13 order, we agree that the merger clause and the proviso at issue eliminated NHI's previous security interest in the debtors' government receivables and that NHI is not entitled to a reformation of the security agreement on the ground of mutual mistake.

AFFIRMED.